UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB L. PRAWAT,

    Plaintiff,

v.                                                        CAUSE NO. 3:19-CV-1117-DRL-MGG

ROBERT NEARING, *et al.*,

    Defendants.

## OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, filed a complaint against three defendants alleging that he suffered unconstitutional conditions of confinement while being housed at LaPorte County Community Corrections between December 30, 2018, and July 26, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Prawat alleges that, while he was housed at LaPorte County Community Corrections, he was required either to drink water from the showers or bathroom sinks or to purchase water from a vending machine. Twenty-four people in his dorm shared four sinks, and they were, according to Mr. Prawat, "nasty." ECF 1 at 3. Nonetheless, Mr. Prawat drank water from the sinks and showers.

As a threshold matter, the complaint fails to state a claim against any of the three named defendants. Mr. Prawat named Robert Nearing, S. Attwater, and Vaughn Galloway as defendants, but

he does not explain how they were involved in the circumstances that he is complaining about. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). To name an appropriate defendant, Mr. Prawat would have to name the individuals who were personally responsible for the conditions of his confinement. However, based on the current allegations of the complaint, that would not get him very far because he has not adequately pleaded that he endured any unconstitutional conditions of confinement.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The constitution is not violated unless a prisoner is denied the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Here, while Mr. Prawat would have preferred to have a dedicated sink or water fountain for drinking water, he does not allege that he was denied any of life's necessities. Instead, his complaint is more akin to being uncomfortable and subjected to unpleasant conditions. Thus, without more, these allegations do not plausibly allege that a constitutional violation has occurred.

Though the complaint does not state a plausible claim against any named defendant, and it seems unlikely that he will be able to state a claim based on the allegations in the complaint, the court will nonetheless grant Mr. Prawat an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Mr. Prawat should only file an amended complaint if he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, Mr. Prawat will need to explain how the named defendant(s) denied him the minimal civilized measure of life's necessities contrary to the Constitution.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and sent it to Jacob L. Prawat;

(2) GRANTS Jacob L. Prawat until **January 3, 2020** to file an amended complaint; and

(3) CAUTIONS Jacob L. Prawat, that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 3, 2019                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court